LAURENS HARDWARE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11252.  Decided October 30, 1926.

A debt ascertained to be worthless after the close of the taxable year is not deductible from the gross income of the petitioner for such taxable year.

*Thomas W. Hardwick, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits tax for the fiscal year ended June 30, 1920, in the amount of $1,378.29, only a portion of which is in controversy. The point in issue is the right of the petitioner to deduct from gross income debts ascertained to be worthless after the close of the fiscal year and charged off the petitioner's books of account in 1925 as of June 30, 1920.

FINDINGS OF FACT.

The petitioner is a Georgia corporation with its place of business at Dublin.  It is a retail dealer in farming implements and other hardware.  In its income-tax return for the fiscal year ended June 30, 1920, it deducted from gross income $972.56 for bad debts

ascertained to be worthless and charged off within the taxable year. In 1924 or 1925, the Commissioner audited the petitioner's tax return and determined a deficiency in tax for the taxable year under review of $1,378.29. In the determination of such deficiency the Commissioner did not disallow the deduction of any amount for bad debts taken in the return. The petitioner then had an audit made of its books of account by an accountant and determined that of its accounts receivable at June 30, 1920, (after the $972.56 had been charged off), $2,863.44 thereof constituted bad debts. The petitioner thereupon, on April 30, 1925, charged off its books of account as of June 30, 1920, the $2,863.44 in question.

The amount of $2,863.44 charged off in 1925 was the sales price of merchandise sold during the fiscal year ended June 30, 1920. Subsequent to June 30, 1920, the petitioner brought suit and obtained judgment against a number of its debtors whose accounts were charged off as worthless in 1925. A number of individuals whose debts were charged off in 1925 went through bankruptcy subsequent to June 30, 1920, and the petitioner never collected anything from them.

OPINION.

SMITH: The petitioner claims the right to deduct from its gross income for the fiscal year ended June 30, 1920, $2,863.44, for bad debts, in addition to an amount of $972.56 charged off its books of account and allowed as a deduction from gross income by the Commissioner as debts ascertained to be worthless and charged off within the taxable year. The claim of the petitioner is that the merchandise was sold during the fiscal year ended June 30, 1920, and that in truth the loss was sustained during that year.

Section 234(a) of the Revenue Act of 1918 permits a corporate taxpayer to deduct from gross income, *inter alia:*

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise;

(5) Debts ascertained to be worthless and charged off within the taxable year.

We think that the petitioner is entitled to claim a deduction for bad debts under subdivision (5) only of the statute above quoted. Deductions from gross income may be made only in accordance with the provisions of the statute. Claims for deductions as losses sustained may not be made in respect of bad debts. *Electric Reduction Co. v. Lewellyn,* 8 Fed. (2d) 91; 11 Fed. (2d) 493.

It may further be noted that the petitioner sold merchandise during the fiscal year ended June 30, 1920, on credit. In exchange for merchandise, it had an account receivable against the debtor. Until that account receivable has been ascertained to be worthless,

the petitioner has sustained no loss. The evidence in the instant case shows that the accounts receivable in the amount of $2,863.44 in question were not ascertained to be worthless during the fiscal year ended June 30, 1920. There was therefore no loss sustained during that year in respect of the sales of merchandise, nor was there any bad debt ascertained to be worthless or charged off within the taxable year. The amount was not a legal deduction from gross income in the tax return for the year ended June 30, 1920.

*Judgment will be entered for the Commissioner.*

STERNHAGEN concurs in the result only.